BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
ALAN R. PLUTZIK (Bar No. 077785)
aplutzik@bramsonplutzik.com
JENNIFER S. ROSENBERG (Bar No. 121023)
jrosenberg@bramsonplutzik.com
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200

IZARD NOBEL LLP
JEFFREY S. NOBEL
jnobel@izardnobel.com
ROBERT A. IZARD
rizard@izardnobel.com
MARK P. KINDALL (Bar #138703)
mkindall@izardnobel.com
29 South Main Street, Suite 215
West Hartford, CT 06107
Telephone: (860) 493-6292

Attorneys for Plaintiff
JACEN MANAGEMENT LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACEN MANAGEMENT LLC, a Connecticut limited liability company, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DIRECTV, Inc., a Delaware corporation,<br><br>Defendant. | Case No. **C11-00384**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT
CASE NO.
63468

ORIGINAL

## CLASS ACTION COMPLAINT

Plaintiff JACEN MANAGEMENT LLC, individually and on behalf of all others similarly situated, upon knowledge as to itself and upon information and belief as to all other matters, alleges as follows:

## I. NATURE OF ACTION

1. Plaintiff brings this action against Defendant individually, and on behalf of a class of all persons or entities that own and lease residential real estate in the United States (the "Landlords") upon which Defendant DIRECTV or its agents ("DIRECTV") have permanently installed DIRECTV Equipment after obtaining Part 2 of a DIRECTV Release Form, for violation of the California Unfair Competition Law, Bus. & Prof. Code §§17200 et seq. and negligence.

2. Plaintiff seeks injunctive relief and/or damages with regard to DIRECTV's conduct as set forth below.

## II. PARTIES

3. Plaintiff is a limited liability company organized under the laws of the State of Connecticut. Plaintiff is the owner of residential real estate property (the "Property") located at 121-127 Zion Street, Hartford CT 06106. The Property consists of sixteen residential rental units.

4. Defendant DIRECTV, Inc. is a Delaware corporation with its principal place of business in the State of California. At all times relevant hereto, DIRECTV has been engaged, and is now engaged, in, *inter alia*, the marketing and sales of DIRECTV satellite television service and the leasing and installation of DIRECTV antennae such as a satellite dish and or other equipment designed for over-the-air reception of television broadcast signals ("Equipment") in the United States, and in the conduct alleged herein. Plaintiff is informed and believes and on that basis alleges that all of DIRECTV, Inc.'s business operations, including the matters alleged herein, are directed from, and its business decisions made in, California.

## III. JURISIDICTION AND VENUE

5. Jurisdiction is premised upon diversity of citizenship pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1711-1715 and 28 U.S.C. §§ 1332(d), in that 1)

plaintiff is a citizen of Connecticut and DIRECTV has its principal place of business in California, and 2) the amount in controversy exceeds Five Million Dollars ($5,000,000).

6. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391(c), as DIRECTV is a corporation whose contacts with the Northern District of California are sufficiently deep and pervasive that they would subject it to personal jurisdiction in the Northern District if this District were a separate State. DIRECTV thus is deemed to reside in this district for purposes of venue. DIRECTV regularly does business in this district

## IV. DEFENDANT'S ACTIONABLE CONDUCT

7. DIRECTV is a leading provider of digital television entertainment programming throughout the United States via satellite to residential and commercial subscribers.

8. DIRECTV's digital entertainment programming is provided to subscribers by means of the Equipment that it leases to its subscribers and installs upon the real property in which the subscriber resides. The Equipment is permanently affixed to the exterior of the building in which the subscriber resides and in which the subscriber's television is to be used. DIRECTV installs the Equipment by drilling holes in the building and bolting or otherwise permanently affixing the Equipment to the building.

9. DIRECTV uses professional installers who permanently affix to the exterior of the building where the television is to be used according to policies and procedures dictated by Defendant. These installers may either be DIRECTV employees or third parties with whom DIRECTV contracts.

10. Defendant knows that it is improper and illegal to install the Equipment on a building without first obtaining the authorization of the Landlord. In the mid-1990s, Defendant actively participated in a rulemaking proceeding before the Federal Communications Commission (the "FCC") which concerned a proposed rule concerning restrictions which impair the ability of viewers to receive video programming through over-the-air broadcasts. The end-product of the proceeding was a regulation (the "Regulation") that, *inter alia,* limited restrictions on the use of devices such as DIRECTV's Equipment on property "within the exclusive use or control of" a tenant (47 C.F.R § 1.4000), but did not diminish the ability of landlords to prohibit the installation or use of

such equipment in areas – including but not limited to common areas or restricted access areas – not within the tenant's exclusive use or control. Although some participants in the rulemaking proceeding advocated restrictions on landlord's authority over areas not within the exclusive use or control of tenants, the FCC concluded that such an extension of the regulation would constitute a *per se* taking of property under the Fifth Amendment:

> [W]e agree with those commenters that argue that the permanent physical occupation found to constitute a per se taking in Loretto [*Loretto v. TelePrompter Manhattan CATV Corp.*, 458 U.S. 419 (1982)] appears comparable to the physical occupation of the common and restricted areas at issue here. In Loretto, the physical occupation of the landlord's property consisted of the direct attachment of cable television equipment to the landlord's property, occupying the space immediately above and upon the roof and along the building's exterior. Likewise, the physical occupation here would involve the direct attachment of video reception devices to common areas such as hallways or recreation areas, or to restricted areas such as building rooftops.
>
> Loretto is not distinguishable on the grounds asserted by the commenters. First, we disagree that the potential occupation in this instance would be temporary, not permanent. In Loretto, the Court found that the cable operator's occupation was "permanent" because so long as the property remained residential and a cable company wished to retain the installation, the landlord must permit it. The occupation here would be similarly "permanent" because so long as an individual viewer wished to receive on of the services covered by Section 207, the property owner would be forced to accept the installation of the of the necessary reception equipment.

Final Rule dated December 23, 1998, 63 FR 71027, 71032, 1998 WL 888546 (F.R.) (the "Final Rule"). Accordingly, under the Final Rule, a lease may not prohibit installation of temporary antennae such as "rabbit ears," the installation of which would cause only ordinary wear and tear such as marks or scratches. *Id.* at 71030-01. Since a tenant does not have direct or indirect control over the exterior walls, roof or building common areas pursuant to a residential lease, the Regulation does not authorize installation of Equipment in those areas without consent of the landlord. *Id.* at 71030-02. In particular, the Final Rule makes clear that Defendant cannot drill holes in an exterior wall or roof of a building. *Id.* at 71031.

11.  Recognizing that it cannot drill holes in a building and permanently install the Equipment without Landlord consent, Defendant requires its subscribers to execute a written release

form in order for Defendant to install the Equipment permanently that acknowledges that installation of the Equipment is improper without prior approval of the Landlord, and that purports to release Defendant from any liability arising from the installation of the Equipment (the "Release Form"). The Release Form gives its subscribers two alternatives: either (i) the subscriber can obtain the Landlord's written authorization for the installation of the Equipment by getting the Landlord to sign and return the Release Form to Defendant; or (ii) the subscriber can sign and return to Defendant Part 2 of the Release Form ("Part 2") that states:

> Landlord approval of a DIRECTV System installation at _____ (address) has been verbally approved by my landlord (or is not required pursuant to my lease or rental agreement).
>
> _____   _____
> Signature of DIRECTV customer            Date

This form is available to be downloaded from DIRECTV's website for use by any prospective subscriber no matter where that subscriber lives within the United States. Accordingly, on information and belief DIRECTV requires the same Release Form for all prospective subscribers for whom it permanently installs the Equipment.

12. Accordingly, Defendant has a practice and policy of installing the Equipment without approval from the Landlord, which is a uniform, nationwide policy that was conceived by, is directed by, and is implemented under the direction of, the executives and other corporate decision-makers in Defendant's California corporate headquarters.

13. Just as DIRECTV has financial incentive to obtain as many subscribers as possible, tenants who are attempting to obtain DIRECTV service have an obvious interest in completing the transaction. Moreover, tenants have little interest in obtaining their landlord's written permission when offered the simple alternative of providing DIRECTV with Release Form Part 2, which they could easily complete without actually obtaining any permission at all, knowing that DIRECTV will accept their representation that the landlord has given "verbal" permission.

14. Defendant's main competitor in the market for the transmission of digital television entertainment programming throughout the United States via satellite is the "dishNetwork Service LLC" ("dishNetwork"). Unlike Defendant, dishNetwork will not install its satellite antennae upon a

COMPLAINT   4
63468

residential rental property without first obtaining written authorization from the Landlord. dishNetwork will not simply accept a tenant's "word" that the Landlord has consented.

15. On information and belief based on a review of numerous form residential lease agreements, residential leases require that a tenant obtain the landlord's approval in writing prior to making permanent installations on the landlord's property such as the Equipment. Accordingly, tenants who obtained prior approval from their landlord would have a writing to verify that fact.

16. As alleged above, Defendant knows that it is illegal to invade a Landlord's property. Defendant has a duty to avoid actions which are likely to injure a foreseeable class of persons such as Landlords. As evidenced by the policies and procedures of Defendant's primary competitor, dishNetwork, it is reasonable for companies to obtain actual permission from Landlords prior to permanently installing their equipment on a Landlord's property. Rather than meet this reasonable standard of care, Defendant instead knowingly and recklessly authorized installation of its Equipment based on nothing more than the representations of subscribers that their Landlords had consented by accepting Part 2 of the Release Form, even though most tenants who in fact obtained permission from their landlords would likely have had authorization in writing, and thus would have submitted it with Part 1 of the Release Form.

17. Through the use of the Part 2 procedure, Defendant has adopted a procedure which had the purpose and effect of "documenting" non-existent Landlord "consents" which allows Defendant to "justify" the unauthorized and illegal installation of the Equipment.

18. Within the past three years, Defendant has provided its service to at least three tenants of residential units at Defendant's Property, and has permanently and illegally installed and maintained the Equipment in areas of the Property without obtaining any authorization from Plaintiff. In addition, Defendant did not attempt to obtain authorization from Plaintiff to install and maintain the Equipment upon the Property. And, the leases between Plaintiff and its tenants do not authorize the installation of the Equipment.

63468

## V. CLASS ACTION ALLEGATIONS

19.     Plaintiff seeks to bring this case as a class action, under Federal Rule of Civil Procedure 23, on behalf of himself and all others similarly situated as members of the proposed class, defined as follows:

> all persons or entities that own and lease residential real estate in the United States (the "Landlords") upon which Defendant DIRECTV or its agents ("DIRECTV") have permanently installed DIRECTV Equipment after obtaining Part 2 of a DIRECTV Release Form to the installation of the Equipment.

20.     The exact number of class members is unknown to plaintiff at this time, but, upon information and belief, there are at least several thousand Class Members. Plaintiff is informed and believes and on that basis alleges that the members of the class are so numerous that individual joinder of all members is impracticable.

21.     Common questions of law and fact affect the right of each class. Common relief by way of damages and injunctive relief is sought for the members of the class.

22.     The questions of law and fact common to the class members predominate over questions affecting only individual class members, and include, but are not limited, to the following:

   a) Whether DIRECTV's installation and maintenance of Equipment at Plaintiff's and class members' residential rental property without permission from Plaintiff and class members constitutes negligent conduct;

   b) Whether DIRECTV's installation and maintenance of Equipment at Plaintiff's and Class members' residential rental property without permission from Plaintiff and Class members violates the Unfair Competition Law, California Business and Professions Code §§17200 *et seq.*

   c) Whether DIRECTV's use of Plaintiff's and Class members' property for its own profit without obtaining permission from Plaintiff and the Class violates the Unfair Competition Law, California Business and Professions Code §17200 *et seq.*;

   d) Whether DIRECTV should be enjoined from continuing its unfair and negligent business practices; and

   e) Whether DIRECTV is liable for damages arising from its negligence, and, if so, the proper measure of damages.

   23. Plaintiff's claims are typical of the claims of the class members. Plaintiff was subjected to the same conduct of DIRECTV as each class member, was harmed in the same way and has claims for relief under the same legal theories as each class member.

   24. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has common interests with all members of the class and will vigorously protect the interest of the class through qualified counsel experienced in handling class action litigation. Neither the named plaintiff nor class counsel has any interests which would conflict with the interests of the class members.

   25. Given the common questions to be resolved, class litigation is the superior method of resolving these legal challenges in one proceeding, thus avoiding a multiplicity of parallel suits. A class action will avoid the possibility of inconsistent adjudications of the same legal and factual issues.

   26. Plaintiff brings this action under California law. California law applies to the claims of plaintiff and all class members nationwide, under both constitutional principles and California's choice of law rules. DIRECTV has its principal place of business in California. On information and belief, all decisions, policies, and procedures relating to the conduct alleged herein and below are conceived in, and directed and implemented from, California.

   27. Plaintiff and the members of the class are entitled to an award of attorneys' fees and costs against DIRECTV.

**COUNT I- VIOLATION OF UNFAIR COMPETITION LAW (CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 *ET SEQ.*)**

   28. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

   29. Pursuant to Cal. Bus. & Prof. Code § 17200, "unfair competition" is defined as: 1) an unlawful, unfair or fraudulent business act or practice; 2) unfair, deceptive, untrue or misleading advertising; and/or 3) an act prohibited by Chapter I (commencing with § 17500) of Part 3 of Division 7 of the Business and Professions Code.

30. DIRECTV has committed the following acts which violate Business and Professions Code § 17200:

    a) Entering and encroaching on Plaintiff's and class members' property and illegally installing and maintaining its Equipment for its own profit without authorization from Plaintiff and class members; and

    b) Adopting and implementing policies and practices with the purpose and effect of enabling the illegal installation of the Equipment in and on the property of Plaintiff and the members of the class in contravention of its legal duty to not enter private property without permission for installation of DIRECTV's Equipment.

31. This conduct constitutes unlawful competition under the "unfair" prong of the Unfair Competition Law. These acts offend established public policies or are immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. Alternatively, these acts cause harm to class members which outweigh any utility flowing from them.

32. Plaintiff and the members of the Plaintiff Class have suffered injury in fact as a result of DIRECTV's acts of unfair competition. The injury to Plaintiff and the members of the class is substantial. It is not outweighed by any countervailing benefits to consumers or competition, and it is injury that Plaintiff and the members of the Plaintiff Class themselves could not reasonably have avoided. Moreover, DIRECTV's aforementioned policies, practices and conduct are inconsistent with the legislatively declared policies embodied in California Penal Code § 602, including without limitation Penal Code § 602(m).

33. On information and belief, DIRECTV will continue to engage in some or all of these unfair acts and will continue to do so unless enjoined. Plaintiff and the class are entitled to injunctive relief and other equitable relief.

## COUNT II- NEGLIGENCE

34. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

35. Defendant has a legal duty not to illegally invade the Property of Plaintiff and Class Members without consent to install the Equipment.

36. Defendant breached that duty by negligently adopting and employing the Part 2 Release Form policy and procedure.

37. Plaintiff and class members have been damaged caused by Defendant's unauthorized installation of the Equipment.

38. Plaintiff and class members are entitled to recover damages as a result of Defendant's negligence.

WHEREFORE, Plaintiff, on behalf of itself and all others similarly situated, prays judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JACEN MANAGEMENT LLC, on behalf of itself and all others similarly situated, prays judgment as follows:

(a) Certifying this case as a Class Action with plaintiff as class representative of the class, and plaintiff's counsel as class counsel;

(b) Granting appropriate preliminary and permanent injunctive relief, including without limitation, an injunction prohibiting DIRECTV from permanently installing or maintaining Equipment without permission from the Landlord or authorized agent of the Landlord, and requiring DIRECTV to either obtain Landlord consent for all previously installed Equipment or remove that Equipment from the Landlord's property;

(c) Awarding damages;

(d) Awarding pre-judgment interest on all other amounts awarded;

(e) Awarding attorneys' fees as authorized by law;

(f) Granting such other and further relief as may be deemed just and proper in the premises.

## JURY TRIAL DEMANDED

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury as to all issues in the above matter that are properly so triable.

COMPLAINT   9
63468

| | | |
|---|---|---|
| 1 | DATED: January 26, 2011 | BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP |

BY: /s/ Alan R. Plutzik

Alan R. Plutzik (State Bar No. 077785)
aplutzik@bramsonplutzik.com
Jennifer S. Rosenberg (State Bar No. 121023)
jrosenberg@bramsonplutzik.com
2125 Oak Grove Road, Suite 120
Walnut Creek, California 94598
Telephone: (925) 945-0200
Fax: (925) 945-8792

JEFFREY S. NOBEL
jnobel@izardnobel.com
ROBERT A. IZARD
rizard@izardnobel.com
MARK P. KINDALL (Bar #138703)
mkindall@izardnobel.com
IZARD NOBEL LLP
29 South Main Street, Suite 215
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

Attorneys for Plaintiff, Individually and
On Behalf of All Other Similarly Situated

COMPLAINT
63468

10